UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEAUDRA CONRAD WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>OGNJEN PETRAS,<br><br>Defendant. | No. 2:19-cv-0605 KJM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Ognjen Petras on an Eighth Amendment medical indifference claim for his alleged failure to treat plaintiff's diabetic condition. Pending before the Court is a motion for protective order against the California Substance Abuse Treatment Facility (CSATF), the California Department of Corrections and Rehabilitation (CDCR), and the CSTAF Medical Health Care Services Department. The Court construes plaintiff's filing as a motion for temporary restraining order.

**I.     Legal Standard**

The legal standards for obtaining a temporary restraining order are essentially identical to those for obtaining a preliminary injunction. See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001); Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Plaintiff is informed that "[a] preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A.

1

1  Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [ ] (footnotes

2  omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)."

3  Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to

4  'preserve the status quo ante litem pending a determination of the action on the merits.' " Sierra

5  Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum

6  Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980)); see also 11A Charles Alan Wright &

7  Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).

8      In evaluating the merits of a motion for preliminary injunctive relief, the court considers

9  whether the movant has shown that "he is likely to succeed on the merits, that he is likely to

10 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

11 favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense

12 Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)

13 (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of

14 irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844

15 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127,

16 1131-32 (9th Cir. 2011).

17     Additionally, in cases brought by prisoners involving conditions of confinement, any

18 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

19 harm the court finds requires preliminary relief, and be the least intrusive means necessary to

20 correct the harm." 18 U.S.C. § 3626(a)(2).

21     Finally, a district court may not issue preliminary injunctive relief without primary

22 jurisdiction over the underlying cause of action. Sires v. State of Washington, 314 F.2d 883, 884

23 (9th Cir. 1963). Additionally, an injunction against individuals who are not parties to the action is

24 strongly disfavored. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

25   **II.**    **Analysis**

26     Plaintiff moves for an order directing three entities—CSATF, CDCR, and the CSATF

27 Medical Health Care Services Department—to stop retaliating against him for having filed this

28 lawsuit. Plaintiff claims that after he initiated this case, the supervisors at Medical Health Care

Services falsified plaintiff's medical records to indicate that plaintiff tested positive for Covid-19. As a result of the positive test result, plaintiff was placed in isolation, whereupon he then received a letter from his primary care provider indicating that he had tested negative for the virus.

Plaintiff's motion should be denied because it seeks relief that is unrelated to the claim underlying this case. As the Ninth Circuit has made clear,

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines, 325 U.S. at 220. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). In the foregoing decision, the Ninth Circuit relied on and approved of Devose v. Harrington, 42 F.3d 470, 471 (8th Cir. 1994), in which the Eighth Circuit affirmed the denial of a prisoner's request for an injunction against retaliatory conduct by prison officials after he filed his lawsuit (such as trumped-up disciplinary charges and requiring him to perform work beyond his capabilities), because the retaliation issue was not related to the denial of medical care issue presented by the complaint. As Devose clarified, the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint, and thus, although assertions of new misconduct set forth in a motion for a temporary restraining order or an injunction might support additional claims against a defendant, they do not support granting injunctive relief. Devose, 42 F.3d at 471; see also Pacific Radiation Oncology, 810 F.3d at 636 (adopting the rule of Devose and noting that it illustrates "the exactitude by which courts evaluate whether a motion for injunctive relief is related to the underlying claim"); Adair v. England, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("when a motion for a preliminary injunction ... raises issues different from those presented in the complaint, the court has no jurisdiction over the motion").

Here, plaintiff's motion complains that three entities (all non-parties) have falsified his medical records and held him in isolation in retaliation for plaintiff's initiation of this action. None of these issues are alleged in the pleading; indeed, these events occurred after this action was filed. The required sufficient nexus does not exist between the matters set forth in the motion and the claims alleged in the pleading.

In addition, plaintiff's motion should denied because it is directed to non-parties over whom the Court does not have jurisdiction. Zenith Radio Corp., 395 U.S. at 110.

### III.    Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  March 15, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7
DB/Inbox/Substantive/will0605.tro